**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY**

FILED
DALLAS COUNTY
7/23/2015 12:25:00 PM
FELICIA PITRE
DISTRICT CLERK

Hernandez Angelica

NO. DC-15-00796

| | | |
|---|---|---|
| **YOLANDA DABBS** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **BRANDON J. JANNEY and WERNER** | § | |
| **ENTERPRISES** | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION and REQUEST FOR DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Yolanda Dabbs, hereinafter called Plaintiff, complaining of and about

Brandon J. Janney and Werner Enterprises, hereinafter called Defendant, and for cause of action

shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, Yolanda Dabbs, is an Individual whose is a resident of Texas.

3.      The last four numbers of Yolanda Dabbs's social security number are 6831.

4.      Defendant Brandon J. Janney, an Individual who is a resident of Texas, may be

served with process at home at the following address:  2105 Greendale Dr, Cleveland, TN

37323.  Service of said Defendant as described above can be effected by personal delivery.

5.      Defendant Werner Enterprises is a Nebraska corporation licensed to do business in the State of Texas, and with its principal place of business in Nebraska, and can be served with process through its registered agent William L. Clark, 8601 Peterbilt Avenue, Dallas, Texas 75241.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiff seeks:

   a.      monetary relief over $200,000 but not more than $1,000,000.

8.      This court has jurisdiction over the parties because Defendant is a Texas resident.

9.      Venue in Dallas County is proper in this cause.

## FACTS

10.     On October 6, 2014 at approximately 5:00 p.m., Plaintiff Yolanda Dabbs was traveling on southbound I-35 in the right lane near the 635 split, when Defendant Janney crossed over into Plaintiff's lane of travel striking the entire driver's side of Plaintiff's vehicle. Defendant Janney in attempt to flee the scene in traffic Plaintiff followed Defendant Janney in traffic when Defendant Janney struck Plaintiff's vehicle for a second time.

11.     As a result of the incident described herein, Plaintiff suffered serious injuries that required medical treatment. The treatment sought by Plaintiff was reasonable and necessary for the injuries he sustained.

## RESPONDEAT SUPERIOR

12.     Whenever in this Petition it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in furtherance of Defendants' business. Pursuant to Texas Rules of Civil Procedure 28, any entity doing business under an assumed name may be sued in its assumed name for the purpose of enforcing against it a substantive right.

## NEGLIGENCE PER SE

1.     Defendants, collectively, individually, and/or through its agents or employees,  violated safety rules and regulations that are intended to protect against the harm that resulted and to  protect the Plaintiff and class of persons to which she belongs.

2.     Defendants violated, among other safety rules, sections 542.206, 545.062 and 545.351  of the Texas Transportation Code, Rules 390.11, 391.11, 391.13, 392.6 of the Federal Motor Carrier  Safety Regulations, and other safety standards and regulations designed to protect against the type of  harm that resulted from Defendants' negligent and grossly negligent operation of the tractor trailer  involved in the incident in questions.

3.     These regulations provide minimum standards and do not allow for judgment or  discretion in whether or how to comply with the regulations. The safety standards were intended to  protect members of the public, including the Plaintiff Yolanda Dabbs. Defendants' violation of these  safety rules, regulations, and industry safety standards constitutes *negligence per se.*

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST BRANDON J. JANNEY

4.      Plaintiff would show that Defendant Brandon J. Janney was the driver of a SWIFTLINE TRUCK operated for profit. Further, Plaintiff would show this Court that the negligent acts and omissions of the Defendant Brandon J. Janney and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per se*.

5.      Defendant's violation of §545.351 of the Texas Transportation Code, as well as other sections of the Texas Transportation Code and the Federal Motor Carrier Safety Regulations constitutes negligence per se. These rules were designed for the protection of a class of persons including Plaintiff. Defendant's violations of these rules and statutes created a risk of injury to Plaintiff which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiff.

6.      The negligent, careless and reckless disregard of the duty owed by Defendant Brandon J. Janney also consisted of, but is not limited to, the following acts and omissions:

a.      failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b.      failing to yield as a person of prudent care would have done;

c.      operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

d.      failing to apply the brakes to his motor vehicle in a timely and prudent manner;

e.      failing to control his speed and driving at an unsafe speed in violation of §545.351 of the Texas Transportation Code;

f.      failing to take reasonable care in controlling his vehicle;

g.      operating his vehicle without due regard for the rights of others;

h.      driver inattention;

     i.     failure to control his vehicle;

     j.     violating §545.351 of the Texas Transportation Code;

     k.    failing to comply with the Federal Motor Carrier Safety Regulations; and

     l.     such additional acts of negligence, which will be established as the case progresses.

## PLAINTIFF'S CAUSE OF ACTION AGAINST

### WERNER ENTERPRISES

7.     The negligent acts and omissions of Defendant Werner Enterprises and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per se*. More specifically, Defendants violated §545.351 of the Texas Transportation Code, among others, as well as sections of the Federal Motor Carrier Safety Regulations.

8.     Defendants' violations of these rules and statutes created a risk of injury to Plaintiff which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiff.

9.     Defendants' negligent acts and omissions also include, among others, the following:

     a.    At the time and on the occasion in question, Defendant Brandon J. Janney was in the course and scope of his employment with Defendant Werner Enterprises by virtue of the theory of respondeat superior, Defendant Werner Enterprises is liable for all acts and omissions of negligence of its agent, employee, or representative, Defendant Brandon J. Janney;

     b.   entrusting the vehicle to Defendant Brandon J. Janney when Defendant Werner Enterprises knew or should have known that Defendant Brandon J. Janney was an incompetent driver, unqualified to drive a commercial motor vehicle, inadequately trained, and/or reckless;

     c.    failing to properly train Defendant Brandon J. Janney in the operation of

the vehicle in question;

    d.   hiring and entrusting incompetent drivers, including Brandon J. Janney, with the right to operate a commercial motor vehicle;

    e.   failing to do what a reasonably prudent motor carrier would do under the same and similar circumstance;

    f.   failing to comply with the Texas Transportation Code and the Federal Motor Carrier Safety Regulations; and

    g.   such other acts of negligence, which will be established as the case progresses.

10.    Defendant's conduct was conducted with reckless disregard of the safety of others, including Plaintiff, and conscious indifference to the rights, welfare and safety of those persons affected by it, including Plaintiff.

## GROSS NEGLIGENCE

11.    Plaintiff respectfully shows this court and jury that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

12.    Plaintiff would further show, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

13.    Additionally, Defendant Werner Enterprises is grossly negligent as a result of recklessly hiring and entrusting a commercial motor vehicle to Brandon J. Janney, who was unqualified, through training and/or experience, to operate a commercial motor vehicle. The

reckless hiring of and entrusting a commercial motor vehicle to Brandon J. Janney, who  was

unfit to operate a commercial motor vehicle, proximately caused Plaintiff's damages.

14.    As such, Defendants are grossly negligent and should be subjected to

exemplary damages.

## DAMAGES FOR PLAINTIFF YOLANDA DABBS

15.    As a direct and proximate result of the occurrence made the basis of this

lawsuit, Plaintiff Yolanda Dabbs has suffered severe injuries and incurred the following

damages:

a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Yolanda Dabbs, for the necessary care and treatment of the  injuries resulting from the accident complained of herein and such charges  are reasonable and were usual and customary charges for such services;

b.    Reasonable and necessary medical care and expenses that will, in all  reasonable probability, be incurred in the future;

c.    Physical pain and suffering in the past;

d.    Physical pain and suffering that will, in all reasonable probability, be suffered  in the future;

e.    Physical impairment in the past;

f.    Physical impairment which, in all reasonable probability, will be suffered in  the future;

g.    Mental anguish in the past;

h.    Mental anguish which, in all reasonable probability, will be suffered in the  future;

i.    Loss of earnings and/or earning capacity in the past;

j.    Loss of earning capacity, which, in all probability, will be incurred in the  future;

k.    Disfigurement in the past and future; and

n.    Cost of medical monitoring and prevention in the future.

## PLAINTIFF'S REQUEST FOR DISCOVERY

### A. Request for Disclosure

Defendant is hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2(a)-(i) of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### B. Interrogatories

Defendant is hereby requested to answer, within fifty (50) days of service this petition and incorporated request, the interrogatories attached hereto as "Exhibit A," separately, fully, in writing, and under oath, pursuant to Rule 197 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### C. Request for Production

Defendant is hereby requested to produce, within fifty (50) days of service of this petition and incorporated request the documents and tangible items in the list attached hereto as "Exhibit B," pursuant to Rule 196 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### D. Request for Admissions

Defendant is hereby requested to admit or deny, in writing, within (50) days of service of this petition and incorporated request, the propositions of fact and/or law attached hereto as "Exhibit C," pursuant to Rule 198 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Yolanda Dabbs, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Godsey Martin, P.C.

By: _____
Ryan E. Rogers
Texas Bar No. 24011200
1909 Woodall Rodgers Freeway, Suite 200
Dallas, TX 75201
Tel. (214) 744-3339
Fax. (972) 301-2444
Email: rrogers@gmfirm.com
Eservice: GMLIT@gmfirm.com
Paralegal: mnagle@gmfirm.com
Attorney for Plaintiff Yolanda Dabbs

PLEASE FORWARD TO:
YOUR INSURANCE COMPANY